UNITED STATE DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOE LOUIS WYATT | CIVIL ACTION NO. 3:15-cv-2671 |
|     LA. DOC #116059 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se petitioner Joe Louis Wyatt, a prisoner in the custody of Louisiana's Department of Corrections has been tentatively authorized to file a successive petition for writ of *habeas corpus* by order of the United States Fifth Circuit Court of Appeals dated October 26, 2015. *In re: Joe Louis Wyatt*, No. 15-30761. Having obtained authorization, petitioner filed the instant petition for writ of *habeas corpus* on November 9, 2015. In addition to authorizing the filing of the successive petition, the Court of Appeals directed this court "... to consider, upon proper notice to Wyatt, whether the proposed §2254 application is time barred." [*Id.*]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition filed herein on November 9, 2015 be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and that this Report be considered "proper notice to Wyatt" with regard to the timeliness of his petition.

***Statement of the Case.***

On January 12, 1987, petitioner, who was 17 at the time of the offense, pled guilty to first

degree murder and the mandatory sentence of life without benefit of parole was imposed by the Fourth Judicial District Court, Ouachita Parish.  Petitioner's first *habeas corpus* petition was dismissed without prejudice on September 9, 1993, because petitioner failed to exhaust available State court remedies prior to its filing. *Joe L. Wyatt v. Richard L. Stalder*, Civil Action No. 3:93-cv-0115.

Petitioner apparently returned to the Louisiana Courts and completed a round of post-conviction relief. On March 4, 1996, he filed another petition for writ of *habeas corpus* in this Court raising claims of ineffective assistance of counsel. On October 7, 1996, the Court addressed the merits of petitioner's claim and ordered dismissal with prejudice. Thereafter a COA (Certificate of Appealability) was denied by the District Court. *Joe Louis Wyatt v. Warden, L.S.P.*, No. 3:96-cv-0480.  Petitioner's appeal was rejected by the Fifth Circuit Court of Appeals as untimely. *Joe Louis Wyatt v. Warden*, L.S.P., No. 96-31192.

On June 25, 2012,the United States Supreme Court decided *Miller v. Alabama*, 567 U.S. —, 132 S.Ct.2455 (2012) which held that the imposition of mandatory sentences of life without parole for juvenile offenders violates the Eighth Amendment's prohibition of cruel and unusual punishment.

On February 8, 2013, petitioner filed a *pro se* Motion to Correct an Illegal Sentence in the Fourth Judicial District Court. Citing *Miller* as authority for the proposition that the imposition of a life sentence without benefit of parole for an offense committed while he was a juvenile was unconstitutional and illegal and mandated re-sentencing. [Civil Action 3:15-cv-2671, Doc. 1-2, p. 6; Doc. 1-3, Exhibit A, pp. 3-18]

On May 10, 2013, the District Court denied petitioner's Motion rejecting his argument

that *Miller* must be applied retroactively.  [*Id.*, Doc. 1-3, Exhibit E, pp. 36-37] Petitioner applied

for a supervisory writ in the Second Circuit Court of Appeal. [*Id.*, Doc. 1-3, Exhibits F, G and H,

pp. 38-66] On July 26, 2013, the Second Circuit granted writs and ordered the production of the

District Court record and briefs from the parties. *State of Louisiana v. Joe Louis Wyatt*, No.

48,598-KH. [*Id.*, Doc. 1-3, Exhibit F, pp. 72-73] On July 31, 2013, the State moved for a stay

pending the decision of the Louisiana Supreme Court in the matter of *State of Louisiana v.*

*Darryl Tate*, No. 2012-OK-2763.[1] [*Id.*, Doc. 1-3, pp. 67-71; 74-76] On August 13, 2013 the

Court of Appeal denied the State's motion for a stay. [Doc. 1-3, Exhibit L, p. 78] The State then

applied to the Supreme Court for a stay of the proceedings pending in the Second Circuit. [*Id.*,

Doc. 1-3, Exhibit M, pp. 79-89] On August 20, 2013, the Supreme Court granted the State's writ

and stayed the proceedings in the Court of Appeal pending the resolution of the  pending writ

application in *State v. Darryl Tate. State of Louisiana v. Joe Louis Wyatt*, No. 2013-KP-1988.

[*Id.*, Doc. 1-3, Exhibit N,  p. 90]

On November 5, 2013, the Louisiana Supreme Court decided that *Miller* is not

retroactive. *State of Louisiana v. Darryl Tate*, 2012-2763 (La. 11/5/2013), 130 So.3d 829,

rehearing denied, 1/27/2014. On May 27, 2014 the United States Supreme Court denied

*certiorari. Darryl Tate v. Louisiana*, — U.S. —, 134 S.Ct. 2663 (5/27/2014).

On August 13, 2014, the Second Circuit Court of Appeal, relying on *Tate*, denied

petitioner's writ application and affirmed the District Court's denial of petitioner's motion to

correct an illegal sentence. Notice of Judgment was mailed on the same day. *State of Louisiana v.*

---

[1] In *Tate*, the Supreme Court was called upon to determine whether *Miller* should be
applied retroactively to cases on collateral review.

*Joe Louis Wyatt*, No. KH 13-48598 (La. App. 2 Cir. 8/13/2014). [*Id.*, Doc. 1-3, Exhibit R, pp.

124-131]

On September 8, 2014, petitioner applied for writs in the Louisiana Supreme Court. [*Id.*,

Doc. 1-3, Exhibit S, pp. 132-156] On April 24, 2015, the Louisiana Supreme Court denied writs.

*State of Louisiana v. Joe Louis Wyatt*, 2014-KO-1928 (La. 4/24/2015), 169 So.3d 354. [*Id.*, Doc.

1-3, Exhibit T, p. 157]

On May 11, 2015, petitioner filed a petition for *habeas corpus* in this Court; that petition

was assigned Civil Action No. 3:15-cv-1672. On June 17, 2015, the undersigned recommended

that petitioner's pleading be deemed a successive application for *habeas corpus* and

recommended transfer to the Fifth Circuit Court of Appeal pursuant to 28 U.S.C. §1631.[2] [*Id.*,

Doc. 5] On July 29, 2015, petitioner objected to the recommendation. Thereafter, on August 27,

2015, Judge Robert G. James entered judgment as recommended, found the petition to be

successive, and ordered the petition transferred to the Fifth Circuit Court of Appeals. [*Id.*, Docs.

6 and 7] On August 28, 2015, the Clerk of the United States Fifth Circuit Court of Appeal wrote

a letter to the petitioner advising him that his successive petition had been transferred. Petitioner

was then ordered to file a motion for authorization to file a successive petition in the Fifth Circuit

within 30 days and further advised that the proceedings had been assigned that Court's Docket

Number 15-30761. [*Id.*, doc. 8] On September 17, 2015, petitioner filed his motion in the Court

of Appeals and on October 26, 2015, he was authorized to file his successive petition. As noted

---

[2] Section 1631 provides in part, "Whenever a civil action is filed in a court ...and the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ...to any other such court in which the action ... could have been brought at the time it was filed..."

above, in the order authorizing filing, the Court of Appeals also directed this Court "... to consider, upon proper notice to Wyatt, whether the proposed §2254 application is time barred." [*See In re: Joe Wyatt*, No. 15-30761]

On November 9, 2015, petitioner filed the instant petition.

### *Law and Analysis*

The timeliness of this petition is governed by the provisions of 28 U.S.C. §2244(d)(1)(C) which provides that the 1-year period of limitation established by Section 2244(d)(1) shall run from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review..."[3] This 1-year period is subject to tolling during the time "... a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment ... is pending..." Any lapse of time before the proper filing of an application for post-conviction relief or collateral review in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition.  *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998).

Thus, in order to determine whether the instant petition is timely, four dates are needed, namely (1) the starting date, that is, the date of the Supreme Court decision relied upon; (2) the date that State post-conviction or collateral attack was properly filed; (3) the date that the State post-conviction proceedings terminated; and (4) the date the *habeas corpus* petition in question

---

[3] This issue of *Miller's* retroactivity has not yet been settled by the United States Supreme Court.

was filed.

The pleadings, exhibits, and published jurisprudence of the United States are sufficient for this analysis.

As noted, petitioner relies on the Supreme Court's June 25, 2012, decision in *Miller v. Alabama*, 567 U.S. —, 132 S.Ct.2455 (2012) which held that the imposition of mandatory sentences of life without parole for juvenile offenders violates the Eighth Amendment's prohibition of cruel and unusual punishment. Thus, the beginning date for determining timeliness is June 25, 2012.

Petitioner was able to toll limitations beginning February 8, 2013, the date he filed his *pro se* Motion to Correct an Illegal Sentence in the Fourth Judicial District Court. [Civil Action 3:15-cv-2671, Doc. 1-2, p. 6; Doc. 1-3, Exhibit A, pp. 3-18] However, by the time petitioner filed his State collateral attack, a period of 228 days of the 1-year limitations period had already elapsed.

Petitioner was nevertheless able to toll limitations during the pendency of his State collateral attack in the Fourth Judicial District Court, the Second Circuit Court of Appeal, and the Louisiana Supreme Court. However, tolling ceased on April 24, 2015, when the Louisiana Supreme Court denied writs and petitioner's State post-conviction litigation ended. *State of Louisiana v. Joe Louis Wyatt*, 2014-KO-1928 (La. 4/24/2015), 169 So.3d 354. [*Id.*, Doc. 1-3, Exhibit T, p. 157]

Having been authorized to do so, petitioner filed the instant petition for writ of habeas corpus on November 9, 2015. However, by that time a period of 199 days elapsed untolled. Thus, a period of 427 days, well over the 1-year period defined by statute, elapsed untolled between the

6

Supreme Court's *Miller* decision and the date the instant petition was filed.

Petitioner may contend that the limitation period was tolled when he filed his earlier petition for *habeas corpus* on May 11, 2015, in the Civil Action assigned Number 3:15-cv-1672; or, that limitations was tolled when he filed his motion for authorization on September 7, 2015. However, these contentions have no support in the Fifth Circuit's jurisprudence.

As was noted earlier, since the petition assigned Civil Action No. 3:15-cv-1672 was successive, this Court lacked jurisdiction to consider it and consequently, it was transferred to the Fifth Circuit Court of Appeals. Thereafter, petitioner was directed by that Court to file a Motion for Authorization; having complied with that order he was then granted tentative authorization to file his successive *habeas* petition on October 26, 2015. *In re: Joe Louis Wyatt*, No. 15-30761. Petitioner, as previously noted, filed that pleading on November 9, 2015, long after the 1-year limitation period of Section 2244(d)(1)(C) had expired.

Title 28 U.S.C. § 2244(b)(3)(A) clearly provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit, relying on that section, has found that the filing of a §2244 motion does not toll the one-year statute of limitations, as § 2244(b)(3)(A) clearly envisions that a petitioner "shall move in the appropriate court of appeals" for such an order "before a second or successive application ... is filed in the district court." *See Fierro v. Cockrell*, 294 F.3d 674, 680–81 (5th Cir.2002) (quoting § 2244(b)(3)(A)).  In other words, relying on the plain language of the statue, the Fifth Circuit has concluded that it "... clearly contemplates that the actual [petition] will be filed in the district court rather than the circuit court," and that the application

and the petition are not identical for tolling purposes. *Id.* at 680; see also *Rivera v. Quarterman*, 505 F.3d 349, 353 n. 5 (5th Cir.2007).

In addition, tolling under the provisions of Section 2244(d)(2), occurs only during the pendency of "a properly filed application for <u>State post-conviction or other collateral review</u>..." Clearly, a federal *habeas* petition filed in a federal District Court which lacked jurisdiction, or a motion for authorization thereafter filed in a federal Court of Appeals, does not qualify as "State post-conviction or other collateral review..." sufficient to warrant tolling. *Compare Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 2125, 150 L.Ed.2d 251 (2001) (Congress did not intend properly filed applications for federal *habeas corpus* review to toll the limitation period pursuant to Section 2244(d)(2).)

### 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy

or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights in a timely manner.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[4]  A party may respond to another

---

[4] As noted above, in its order granting petitioner tentative authorization to file his successive *habeas* petition, the Court of Appeals directed this Court "upon proper notice to Wyatt" to consider the time-bar issue. **PETITIONER IS ADVISED – THIS IS A REPORT**

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

---

**AND RECOMMENDATION, NOT A FINAL JUDGMENT. PETITIONER SHOULD CONSIDER THIS REPORT "PROPER NOTICE" AND, IF NEED BE, MOVE THE COURT FOR ADDITIONAL TIME TO OBJECT TO THE FINDINGS AND CONCLUSIONS OF THIS REPORT. INDEED, PETITIONER IS ENCOURAGED TO FILE HIS OBJECTIONS TO THIS REPORT AND TO DEMONSTRATE THAT THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE ERRONEOUS AND THAT HE IS ENTITLED TO STATUTORY OR EQUITABLE TOLLING OF THE LIMITATIONS PERIOD.**

In Chambers, Monroe, Louisiana, December 22, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**